UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                              Case No. 1:12-CR-257 (09)

v.                                             HON. ROBERT HOLMES BELL

TIMOTHY LANG,

      Defendant.
_____/

## MEMORANDUM OPINION AND ORDER

Defendant Timothy Lang has filed a motion for modification or reduction of sentence (ECF No. 692) pursuant to 18 U.S.C. §3582(c)(2) on the basis of Amendment 782 of the United States Sentencing Guidelines, made retroactive by the Sentencing Commission.

Section 3582(c)(2) permits a court to reduce the term of imprisonment of a defendant who has been sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Amendment 782 of the United States Sentencing Guidelines reduced by two levels the offense levels assigned to the quantities that trigger the statutory mandatory minimum penalties in U.S.S.G. §§ 2D1.1 and 2D1.11. These modifications were made retroactive effective November 1, 2014. U.S.S.G. § 1B1.10.

The Probation Department filed a sentence modification report on July 17, 2015 (ECF No. 820). In its report, the probation department did not recommend a reduction in sentence, stating Defendant received a Safety Valve at the time of sentencing and his mandatory minimum was not released pursuant to USSG § 5K1.1 or Rule 35(b). Counsel for Defendant filed a response to the sentence modification report (ECF No. 823) requesting the court grant his motion for a sentence reduction and reduce his sentence, indicating under § 1B1.10(b)(1) that guideline application should

not be disturbed.  The defendant further argues that the 60-month mandatory minimum sentence did not apply at Mr. Lang's original sentencing and does not apply now.  Mr. Lang's guideline range at his original sentencing was 46 to 57 months, and the sentence imposed was 48 months.  The defendant is requesting a 2-level reduction pursuant to Amendment 782, reflecting a guideline range of 30 to 37 months.  The government filed a response to the sentence modification report (ECF No. 825).  The government agrees that Mr. Lang is correct and the Safety Valve provision, USSG § 5C1.2 and 18 U.S.C. § 3553(f), operated to release the statutory mandatory minimum sentence at his original sentencing and remains equally applicable for any resentencing.  The government objects to the U.S. Probation Office's assessment that Mr. Lang is not eligible for a sentence modification pursuant to Amendment 782.

IT APPEARS that defendant Timothy Lang is eligible for reduction in sentence based on defendant currently being an inmate, USSG § 2D1.1 was used in the guideline calculations, and the guideline range applicable to the defendant subsequently has been lowered as a result of the retroactive amendment to the Sentencing Guidelines (782).  A reduction of sentence is consistent with the policy statements of the U.S. Sentencing Commission.  This Court finds in favor of Defendant Lang that the mandatory minimum did not apply at his original sentencing.

NOW THEREFORE, IT IS HEREBY ORDERED that sentence modification report (ECF No. 820) is **OVERRULED.**  Defendant's motion for modification of sentence (ECF No. 692) pursuant to 18 U.S.C. § 3582(c)(2) is **GRANTED**.  Defendant Timothy Lang's sentence shall be reduced to **32 months** imprisonment, effective November 1, 2015.  An order effectuating the sentence reduction shall issue forthwith.

Dated: August 17, 2015         /s/ Robert Holmes Bell
                               ROBERT HOLMES BELL
                               UNITED STATES DISTRICT JUDGE